IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COUNTY MATERIALS CORPORATION,

                Plaintiff,                          ORDER

    v.

                                            08-cv-572-slc

CRAIG ROSELAND,

                Defendant.

---

      This civil action was filed initially in the Circuit Court of Marathon County, Wisconsin on September 3, 2008. In its complaint, plaintiff County Materials Corporation alleges that defendant Craig Roseland breached his contract not to solicit or do business with plaintiff's "active customers" and that plaintiff detrimentally relied on defendant's promise not to solicit business from plaintiff's customers. Now before this court is defendant's notice of removal, invoking the federal court's diversity jurisdiction. Although the parties have declined to consent to magistrate judge jurisdiction, a decision on whether the jurisdictional requirements of 28 U.S.C. § 1332(a) are met is susceptible to direct decision by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), so there is no need for a report and recommendation.

      Jurisdiction in removal cases is determined by "looking at the plaintiff's state court complaint, along with the record as a whole." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Although diversity of citizenship is clearly present from the face of the complaint, the defendant has failed to met its burden showing that the claim "exceeds the sum or value of $75,000." 28 U.S.C. § 1332 (a). I will give the defendant an opportunity to amend his notice of removal to cure this jurisdictional deficiency.

      I draw my facts from plaintiff's complaint and defendant's notice of removal.

ALLEGATIONS OF FACT

Plaintiff County Materials Corporation is a Wisconsin corporation with its principal place of business in Wisconsin. Defendant Craig Roseland is a citizen of the State of Minnesota.

On or about October 10, 2003, defendant entered into a contract to perform services for plaintiff as a sales representative. At this time, defendant Roseland also signed a confidentially and non-compete agreement that required terminated employees not to work for competing businesses or solicit plaintiff's customers.

On April 24, 2008, defendant submitted his formal notice for termination of employment with plaintiff. With his notice, defendant submitted a letter in which he agreed to abide by the "reasonable restrictions" in his contract. Based on defendant's representations, plaintiff choose not to initiate any lawsuits.

On or about April 24, 2008, defendant began working for Cretex Companies, Inc., one of plaintiff's largest competitors. At this time, Roseland began soliciting and doing business with plaintiff's customers.

On September 3, 2008, plaintiff filed a complaint in Marathon County requesting injunctive and monetary relief for breach of contract and promissory estoppel. Plaintiff requested that defendant be enjoined from any further conduct violating the non-compete and non-solicitation contract. Plaintiff requests damages for breach of contract. The complaint contains no request of specific money damages or allegations of any monetary penalty for breach of contract.

OPINION

Jurisdiction in a removal action must exist at the time of removal. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993). Defendants bear the burden of showing that federal jurisdiction existed at the time of removal. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met."). As the parties are likely aware, it is the responsibility of a district court to insure that it has jurisdiction to hear each case presented to it. *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 379 (7th Cir. 2000). The federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000). In this case, I have the kind of doubt that requires additional information to insure jurisdiction.

In this case, plaintiff is a citizen of the state of Wisconsin because it is incorporated and has its principal place of business in Wisconsin and defendant is a citizen of Minnesota. Thus, the diversity of citizenship prong is satisfied.

However, it is unclear whether the requested relief in plaintiff's complaint states an amount or value in excess of $75,000. Plaintiff's request are twofold: (1) damages for breach of contract and (2) an injunction to enforce non-compete and non-solicitation elements of the contract between the two parties. I cannot infer from plaintiff's complaint that it has lost any business or customers from its complaint, but merely that defendant may have solicited some of its current customers. Although it appears from the complaint that defendant may have violated the non-compete clause by working for Cretex Companies, Inc., one of plaintiff's main competitors, it is unclear whether such a violation exceeds the jurisdictional amount.

Defendant's notice of removal states that "it is apparent that the amount in controversy meets the requisite jurisdictional amount" but makes no effort to prove this statement. Instead, defendant merely relies on legal citations about a court's duty to make an independent appraisal of plaintiff's claim. Even construing the plaintiff's complaint liberally, it does not allege enough facts to suggest plaintiff's claims are worth at a minimum $75,000. Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give defendant two weeks in which to produce facts verifying the amount in controversy is or exceeds $75,000.

## ORDER

IT IS ORDERED that defendant Craig Roseland may have until November 6, 2008, to provide this court with facts verifying the amount in controversy is or exceeds $75,000. Failure to comply with this deadline will result in an order of remand on the ground that this court lacks jurisdiction to entertain the action.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge